[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16410
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00054-CR-1-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY DUKES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 2, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Corey Dukes appeals his 20-month above-guidelines-range sentence for a single count of passing and uttering, with intent to defraud, counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472. On appeal, he contends that the district court's imposition of an upward variance over the 6 to 12 month guideline imprisonment range rendered his sentence substantively unreasonable and violative of 18 U.S.C. § 3553(a). Specifically, he asserts that the district court's application of the § 3553(a) factors to justify the upward variance was unreasonable because the guidelines range already accounted for the same § 3553(a) factors.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, whether the sentence falls "inside, just outside, or significantly outside" the applicable advisory guidelines range. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).

"[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence is substantively unreasonable if, under the totality of the circumstances, it fails to achieve the purposes of sentencing listed in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence

2

imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) [the sentencing guidelines range;] (5) any pertinent policy statement [of the Sentencing Commission;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). In addition, the district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." *Id.*

"[W]e recognize that there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. Moreover, in reviewing the substantive reasonableness of a sentence, we have compared the actual sentence imposed to the applicable statutory maximum term of imprisonment. *See, e.g.*, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009); *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

More particularly, "[i]n reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may [ ] take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall*, 552

U.S. at 47, 128 S.Ct. at 594-95. Generally, "a major departure [, *i.e.*, variance,] should be supported by a more significant justification than a minor one." *Id.* at 50, 128 S.Ct. at 597. Nevertheless, no "presumption of unreasonableness" attaches to a sentence outside the guidelines range. *Id.* at 47, 128 S.Ct. at 595. Likewise, "quantifying the variance as a certain percentage of the maximum, minimum, or median prison sentence recommended by the Guidelines" is unhelpful because "deviations from the Guidelines range will always appear more extreme–in percentage terms–when the range itself is low." *Id.* at 48, 128 S.Ct. at 595.

In sum, "[b]ecause of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir.) (quotations and citation omitted), *cert. denied*, 129 S.Ct. 2847 (2009). Stated differently,

> [w]e may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.

*Id.* (quotation omitted). "[T]hat we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* (quotation omitted).

4

In sentencing the appellant, the district court gave this explanation:

Now the court has conducted an upward variance here pursuant to the factors identified in 18 U.S.C. 3553(a).

As I said on two or three occasions here in the last few minutes, this is not the Defendant's first criminal endeavor. He has two prior felony convictions: burglary of a conveyance and delivery of cocaine. Now granted, the Defendant's convictions occurred when he was several years younger. But the treatment of those offenses that are in a Category I gives him great benefit and leniency and does not, in the Court's opinion, adequately reflect the history and characteristics of this Defendant.

As the prosecutor pointed out, he had opportunities to withdraw. He made one previous criminal excursion in this area. And so, the advisory sentence in this case, the Court finds, does not adequately address the offense.

Upon consideration of the record on appeal, and after review of the parties' briefs, we hold that the district court's imposition of the upward variance did not amount to an abuse of discretion. Specifically, Dukes's sentence was well below the statutory maximum term of imprisonment and exceeded the top end of the guidelines range by only eight months. Additionally, the district court, in justifying the upward variance, applied the 18 U.S.C. § 3553(a) factors in a reasonable fashion, even if the guidelines range itself already accounted for many of the same factors. As a result, we cannot say that Dukes's sentence was substantively unreasonable. We therefore affirm.

**AFFIRMED.**

5